[Civ. No. 3476.   Second Appellate District, Division One.—March 18, 1921.]

ROBERT H. HUNSTOCK, Respondent, v. THE ROYAL SECURITIES CORPORATION (a Corporation), Appellant.

[1] SURETYSHIP—PURCHASE OF LOT—AGREEMENT TO ERECT BUILDING —BREACH—LIABILITY OF SURETY.—Where a vendor of unimproved real property, for the purpose of insuring himself against the failure of the vendee to erect upon the property a building which will make the value of the whole adequate to pay both a first deed of trust thereon given to raise funds with which to make the first payment on the lot and to erect the building and a second deed of trust thereon given to secure the balance of the purchase price of the lot, exacts a bond from the vendee, and the instrument executed by the surety is general in its terms and guarantees that the vendee will erect and complete the building within a specified time, upon the failure of the vendee to comply with that condition the surety becomes liable for any damages which will

accrue to the vendor as the natural and reasonable result of the failure of the vendee to perform his contract.

[2] ID.—RESPONSIBILITY OF SURETY —: CONSTRUCTION OF CONTRACT. — While a surety will not be bound by any strained construction of the terms of his contract, in construing his contract precisely the same rules apply as to parties in other situations, and once the intent of the instrument is ascertained, then the responsibiltiy of the surety is limited strictly by the conditions imposed under such construction.

[3] ID.—SURETIES FOR CONSIDERATION—RIGHT TO STAND AS FAVORITES. Surety companies, which issue their obligations for a price, and which are in the business of furnishing bonds, are less entitled to insist that they stand as favorites under the law than those who become bound as a matter of friendly accommodation.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Muhleman & Crump for Appellant.

Seth B. Smith and G. C. De Garmo for Respondent.

JAMES, J.—This action was brought and recovery allowed upon a bond executed by one Ruben with the appellant corporation as surety, and in favor of the plaintiff. Judgment was in accordance with the prayer of the complaint and from that judgment this appeal is taken.

As to the main facts no dispute is shown in the record. It appears that in November, 1916, Ruben was desirous of purchasing from the plaintiff a lot in the city of Los Angeles upon which to erect an apartment house. The price of the property, as agreed upon between plaintiff and Ruben, was the sum of fifteen thousand dollars. Ruben had not the money to pay the whole of the purchase price, or in fact, as appears later, any part of it. However, it was agreed that four thousand dollars in cash should be paid to the plaintiff and that the balance of the price, to wit, eleven thousand dollars, was to be evidenced by two notes, one for one thousand dollars and another for ten thousand dollars, which notes were to mature in ten and twenty months respectively and to be secured by a trust deed which was to be second in priority to another debt which

is hereinafter referred to. In order to secure funds with which to pay to plaintiff the four thousand dollars and to erect the apartment house, it was necessary for Ruben to borrow forty-five thousand dollars. Plaintiff understood this and agreed that a trust deed might be given by Ruben to secure payment of the forty-five thousand dollars, which deed plaintiff agreed might be first in point of security to the trust deed made in his favor, which has just been referred to; with the condition, however, that Ruben should secure a bond running to the plaintiff, the penalty of which was to be the sum of ten thousand dollars and which bond would guarantee that Ruben would erect and complete the apartment house in accordance with the plans and specifications already prepared, and which had been approved by the plaintiff. The various documents were executed simultaneously, the initial payment on the purchase price was made, and the transaction was closed. Ruben commenced the erection of the building and continued the same for a number of months, when he ceased work, leaving the structure uncompleted. He had not only failed to discharge his interest obligations to the beneficiary under the first trust deed, but also to the plaintiff. Before proceeding with a necessary statement of further facts, we here quote the material portions of the bond instrument:

"Know all men by these presents: That Frank E. Ruben as principal, and Royal Securities Corpn., a corporation, as surety, are held and firmly bound unto R. H. Humstock in the sum of ten thousand ($10,000.00) dollars gold coin of the United States of America to be paid to the said R. H. Hunstock, his executors, administrators or assigns; for which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, successors and assigns, firmly by these presents.

"Sealed with our seals and dated the 14th day of November, 1916.

"The condition of the above obligation is such that Frank E. Ruben, the principal herein, shall construct and complete a ninety (90) roomed apartment house on the premises known as lot eleven (11) and the north half of lot twelve (12) block 'K,' Knob Hill Tract, being located on the West side of Alvarado street between Sixth street and Ocean View avenue, which building shall be completed

within six months from the date hereof, according to the plans and specifications, then this obligation to be void, otherwise to remain in full force and virtue."

It will be noted that the six months term specified in the bond expired on the 14th of May, 1917. At that time Ruben was still at work on the building and he continued so at work until some time in July of that year, when he abandoned the structure. At or shortly after the date when Ruben ceased to work upon the building, and in July, the plaintiff by his attorneys notified the surety on the bond of the failure of Ruben to complete the structure and advised the surety that plaintiff would look to the former for compensation for any damages which might be sustained by reason of "delay in completing this building." On July 25, 1917, plaintiff exercised his option to declare the principal and interest due on the two promissory notes of Ruben and thereafter proceeded to have a sale made of the property under the trust deed. In October, 1917, the holder of the first trust deed exercised a like option and caused the property to be sold for the sum of forty-five thousand dollars, that being the principal sum advanced under that loan agreement. Under the plaintiff's sale but five hundred dollars was realized, leaving a balance due on the principal of ten thousand five hundred dollars. The sale under the first trust deed wiped out the security and extinguished the interest of the plaintiff. This action was then brought to recover from the surety. The court found upon sufficient evidence that, had the building been constructed by Ruben as agreed, the property would have been worth not less than sixty-five thousand dollars, but that in the state it was when abandoned by Ruben it was worth not to exceed forty-five thousand dollars (that being the amount of the first lien debt). There was also sufficient evidence to support the finding as made that at the time the surety corporation entered into the undertaking in favor of the plaintiff it had knowledge of the transaction between the plaintiff and Ruben in which the bond was required to be given. This with the exception that the court made a further finding in the following terms: "Said defendant did not know or have any notice that said bond was given to secure any part of the purchase price of said lot or for any purpose other than to insure the completion of said building." So it is

made to appear that had Ruben completed the building as he agreed to construct it, in accordance with plans and specifications approved by the parties, the property would have been worth enough to have repaid both the holder of the first trust deed and the plaintiff for the full amount of their debts. That this result would have followed is not made the subject of any serious argument in the case. [1] Appellant's claim that the judgment should not be sustained rests upon the contention that under the terms of the undertaking and the particular finding made by the court as last adverted to, the obligation of the surety could in nowise be extended so as to cover any loss suffered by the plaintiff by reason of the failure of Ruben to pay the purchase price notes according to their terms, and the argument is that the only liability which could accrue under the terms of the bond would be liability for the rental value of the property with a completed building thereupon. If there were limiting terms included or suggested by necessary construction of the bond instrument, which would tend to show that the agreement was only as contended for by appellant, that position might be maintained. The case made in the record is that the plaintiff exacted the bond from Ruben for the very purpose of insuring him against the failure of Ruben to erect upon the property a building which would make the value of the whole adequate security for the unpaid portion of the purchase price. Whether the particular intent was expressed to the surety we think of no moment. The instrument executed by it was general in its terms and did guarantee that Ruben would erect and complete the building referred to within the time specified. A breach of the condition would result in the surety becoming liable for any damages which would accrue to plaintiff as a natural and reasonable result of the failure of Ruben to perform his contract. By reason of Ruben's default, the contemplated security was depreciated and plaintiff suffered damage. We think he was entitled to recover. The citations presented by appellant as to the favored position which a surety occupies under the law all state well-known and fundamental propositions. [2] True enough it is that a surety will not be held bound through any strained construction of the terms of his contract. In construing his contract and in ascertaining its meaning, precisely the same

rules apply as to parties in other situations. (Civ. Code, sec. 2837; *Sather Banking Co.* v. *Briggs Co.*, 138 Cal. 724, [72 Pac. 352].) Once the intent of the instrument is ascertained, then the responsibility of the surety is limited strictly by the conditions imposed under such construction. (*Stevens* v. *Partridge*, 88 Ill. App. 665; Brandt on Suretyship, 3d ed., par. 107.) **[3]** While there seems to be no occasion for invoking the exception to the rule in this case, it may be remarked that the tenor of more recent authorities is to hold that surety companies issuing their obligations for a price, and being in the business of furnishing bonds, are less entitled to insist that they stand as favorites under the law than those who become bound as a matter of friendly accommodation. The surety here was such a corporation and received a premium for executing the bond.

From the conclusions expressed it follows that the judgment should not be disturbed.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 16, 1921.

All the Justices concurred.