[Civ. No. 4504. Second Appellate District, Division Two.—January 31, 1928.]

F. H. MONTGOMERY, Appellant, v. NATHAN OTTOMAN et al., Respondents.

Samuel T. Bush for Appellant.

A. V. Kaufman and Milton Krug for Respondents.

STEPHENS, J., *pro tem.*—This is an appeal by the plaintiff from a judgment entered in favor of the defendants, who were sued as sureties on an undertaking given by them to release an attachment. The attachment suit was commenced in the superior court of Los Angeles County on September 7, 1920, by the Collection Service Corporation, as assignee of Montgomery & Mathi Company, against Abrams & Cole, a copartnership, and others, to recover the sum of $1,533.01, alleged to have been due and owing for merchandise sold and delivered. The defendants in the attachment suit demurred to the complaint, and after the overruling of the demurrer filed their answer on October 14, 1920, denying all of the material allegations of the complaint. Before the cause came to trial, however, and on July 27, 1921, the parties to the suit, by themselves and by their attorneys, executed a written agreement, which was thereafter filed as a stipulation in the case. By this stipulation defendants admitted liability in the sum of $1,473.97, and promised to pay the same in installments of $200 on or before August 2, 1921, and $50 the first of each succeeding month, with interest at six per cent. Time was expressly made of the essence, and upon failure of any payment it was provided that "plaintiff shall be entitled to enter judgment herein for the unpaid balance of principal and interest

upon filing a sworn affidavit setting forth the amount of said principal and interest, the amount, if any, heretofore paid under this stipulation, and the amount of balance due, owing and unpaid on principal and interest hereunder,'' and the clerk of court was authorized to enter a judgment for such balance. The stipulation agreement recites that it does not affect the liability of the sureties on the undertaking releasing the attachment, and that no other proceeding in the action was to be taken unless default should occur. The sureties did not sign this agreement and in fact knew nothing about it.

Payment was made of the installments due under this stipulation up to the 1st of November, 1921, but none was ever thereafter made. The affidavit of nonpayment was filed and judgment rendered as follows:

''Upon reading and filing the affidavit of L. P. Wackerbarth, and upon reading the stipulation heretofore filed herein, it appearing to the court that the defendants have not made the payments of Fifty Dollars ($50.00) per month for the months of January, February and March, 1922, as agreed upon in said stipulation.

''It is therefore ordered, adjudged and decreed that judgment be entered for the plaintiff in conformity with said stipulation for the sum of Eleven Hundred and Eleven and 52/100 Dollars ($1111.52).

''Dated this 22nd day of March, 1922.

''FRANK R. WILLIS,

''Presiding Judge.''

Execution was issued, returned wholly unsatisfied, demand for payment was made upon the sureties and payment was refused. This action was brought on the sureties' undertaking, upon these facts.

In their answer respondents admitted all of the allegations of appellant's complaint which recites the foregoing facts and specially pleaded the following defenses, which the trial court found to be true. That the sureties received no consideration for executing the undertaking; that neither of them received any indemnity for the making of the undertaking; that the stipulation above referred to substituted a new obligation with intent to extinguish the cause of action in which the undertaking was given; that a novation

was accomplished and the cause of action in the original proceeding was canceled and extinguished; that the issues in the original action were never tried or determined nor judgment entered upon the cause of action therein alleged, and that the judgment entered was not the judgment referred to in the undertaking. Judgment was entered for defendants with costs.

From the judgment thus entered the appellant has prosecuted this appeal. He urges as grounds for reversal "that the judgment is contrary to and is not supported by law or the evidence, in that it is based upon the alleged accomplishment of a novation, while the evidence fails to establish such novation." We cannot epitomize the issue which we have to determine better than to quote from appellant's opening brief:

"The defendants' entire case rests upon the stipulation made and filed in the attachment suit. It is their theory that by virtue of such stipulation the obligation of the defendants therein was altered and the remedy and rights of the plaintiff in said action were suspended; that there was, in fact, as the result of the making of said stipulation, a substitution of a new obligation for the obligation sued upon, with intent to extinguish the cause of action set forth in the plaintiff's complaint. Upon finding these facts to be true the court concluded that a novation had been accomplished and that the sureties, respondents herein, were thereby discharged from liability on their undertaking."

The trial court was right. By agreement signed by the attorneys and the parties in the form of a stipulation filed in court and acted upon by the court, new circumstances and contingencies were made binding upon the parties which the sureties, defendants below and respondents here, could not have contemplated when they signed the undertaking and to which they never consented.

"A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended." (Civ. Code, sec. 2819.)

In the case of *Fordyce* v. *Ellis*, 29 Cal. 97, a very similar state of facts was considered. A judgment had been entered directly upon the stipulation and suit was brought against the sureties, as in the case at bar. The sureties claimed they had been released by the stipulation and judgment, and the court so found. The supreme court said: "There is no error in the judgment. It may be conceded that the stipulation for an extension of time for the payment of the sum sued for does not disclose a contract binding upon the plaintiffs, for the reason that the contract was without consideration. But the stipulation was made an order of court; and furthermore, the judgment appears to have been entered in pursuance of the terms of the stipulation. If the stipulation did not impede the sureties in their remedies, both the order and the judgment did."

A stipulation providing for entry of judgment and payment thereof in installments was being considered in the case of *Scheeline* v. *Moshier*, 172 Cal. 565 [158 Pac. 222]. The supreme court there said: "As the stipulation was filed in the action and the parties acted in pursuance of its provisions for several months thereafter, it cannot be said to be without consideration as a stipulation controlling the proceeding in the action."

It thus will be seen that the stipulation acted upon was a binding agreement.

"Our code speaks with absolute finality upon the subject. Section 2819 of the Civil Code provides that a guarantor 'is exonerated . . . if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect.' (See, also, Civ. Code, sec. 2840, applying the same rule to sureties.) Our decisions construing these sections uniformly hold that if there has been such a change in the contract in any (material) respect, the inquiry there ends, and the guarantor is exonerated, and that it is not a subject of inquiry whether the alteration has or has not been to his injury." (*First Congregational Church of Christ* v. *Lowrey*, 175 Cal. 124, at 126 [165 Pac. 440].)

"While mere delay on the part of a creditor to proceed against the principal, or to enforce any other remedy, does not exonerate a guarantor (Civ. Code, sec. 2823), it is well

settled that if he grants the debtor an extension of time within which to pay, under such circumstances as to impair or suspend his right to proceed against the debtor in accord with the terms of the original obligation, we have such an alteration of the original obligation as will release the surety, if the same is without his consent." (*Bridge* v. *Connecticut Mut. Life Ins. Co.*, 167 Cal. 774, at 782 [141 Pac. 375].)

"The surety is bound only by the terms of his contract, and if these are varied without his consent, it is no longer his contract, and he is not bound by it. The authorities are to the effect that if the time of payment is, without the consent of the surety, extended for a definite period by a binding agreement between the creditor and the principal, the surety is discharged." (*Daneri* v. *Gazzola*, 139 Cal. 416, at 418 [73 Pac. 179].)

Appellant's statement to the effect that there were probable delays ahead in the progress of the original action, and that perchance the trial in ordinary course would not have ripened the judgment sooner, may or may not be true. But the cases cited and the statute specifically covering the point unequivocally state that the injury is beside the point. The stipulation extended the time of payment of the indebtedness; authorized entry of judgment in a manner not contemplated by the sureties and not included within the terms of the undertaking entered into by them, to wit: upon failure of installment payments and upon affidavit; provided for an interest on the indebtedness less than the legal rate, and absolutely suspended proceedings in the case until default was made in the performance of the stipulation. This stipulation was filed in court, was breached and judgment entered, not on the original obligation, but, as will be seen by reference to the judgment hereinbefore set out, wholly upon an affidavit made by a stranger to the sureties and filed in conformity to the stipulation. The attempt in the stipulation to forestall the release of the sureties by agreement between the parties without consultation with the sureties was of course abortive.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1928.

All the Justices concurred.