[Civ. No. 8860. Second Appellate District, Division One.—March 11, 1935.]

ADOLPH RAMISH, Appellant, v. SAM ASTOR et al., Respondents.

H. H. Harris and David E. Field for Appellant.

Edgar H. Craddock, Albert J. Morrissey and Edward J. Cotter for Respondents.

ROTH, J., *pro tem*. Appellant Ramish loaned $6,150 to Astor, one of the defendants, at which time Astor executed a promissory note for that amount and caused to be executed a bond by Eureka Casualty Company, a corporation, the other defendant and respondent on this appeal. The bond was conditioned upon the repayment of the money by Astor, and in effect provided that if Astor did not pay, respondent would. Astor did not pay, whereupon appellant filed his complaint alleging two causes of action: the first on the note against Astor, and the second on the bond against respondent.

Thereafter the cause was called for trial, all parties being present in person and by counsel, at which time the trial court was informed by the attorneys for appellant and Astor that appellant and Astor had made a stipulation, which would be subsequently reduced to writing, the effect of which was that the answer and counterclaim theretofore filed by Astor would be withdrawn, a general denial substituted therefor, and that a judgment might be entered against Astor for $6,150 principal, interest accruing on the same, attorney's fees in the sum of $200, and that a stay of execution might be granted for sixty days. After the noon recess, the court having reconvened, the stipulation in substance as above was in open court filed in writing. The surety company then asked and obtained leave to file a supplemental answer setting forth as a defense to the action the stipulation referred to, alleging that the stipulation was made without the consent and knowledge, and against the wishes and will of the surety company, and claiming by reason thereof an alteration in the contract of the principal debtor and the complete release as surety under its bond.

The trial court found that the stipulation in question operated as an alteration of the contract with the principal debtor and was therefore a release of respondent surety, and in accordance therewith gave judgment for respondent. From that judgment this appeal is taken.

There were other circumstances in the case, but a recital thereof is unnecessary as enough has been detailed to make clear the facts upon which the decisive question is predicated. Respondent as surety for hire is one of those who are "less entitled to insist that they stand as favorites under the law", than those who become such through friendly considerations (*Hunstock* v. *Royal Securities Corp.*, 51 Cal. App. 769 [197 Pac. 963]); and it has been held in this state that even a personal surety was not released by circumstances such as herein detailed. (*Preston* v. *Hood*, 64 Cal. 405 [1 Pac. 487].) The exact question on similar facts is decided adversely to respondent in the case of *Rio Grande Oil Co.* v. *Seaboard Surety Corp. of America*, 139 Cal. App. 164 [33 Pac. (2d) 887], recently decided by this court, in which ample reasons are given for the ruling.

The judgment is reversed, and the trial court is directed to enter judgment in favor of appellant and against respondent.

Conrey, P. J., and York, J., concurred.