92 Cal.App.3d 849 (1979)
155 Cal. Rptr. 45
V.I.P. AGENCY OF NORTHERN CALIFORNIA, INC., Plaintiff and Respondent,
v.
DUFFY ELECTRONICS, INC., Defendant; HIGHLANDS INSURANCE COMPANY OF HOUSTON, TEXAS, Objector and Appellant.
Docket No. 45614.
Court of Appeals of California, First District, Division Four.
April 19, 1979.
*851 COUNSEL
Anderson, McPharlin & Conners and Eric Winter for Objector and Appellant.
Crist, Crist, Griffiths, Bryant, Schulz & Biorn and Roger E. Crist for Plaintiff and Respondent.
No appearance for Defendant.
OPINION
CHRISTIAN, J.
Highlands Insurance Company of Houston, Texas appeals from a judgment rendered against it as surety on a bond to release attachment. On September 12, 1977, the V.I.P. Agency of Northern California, Inc., (V.I.P.) filed in the superior court (Santa Clara) a complaint against Duffy Electronics, Inc., (Duffy) seeking recovery of $10,200 allegedly due for services rendered in procuring two workers for employment by Duffy.
At the instance of V.I.P., the court issued a writ of attachment which authorized sequestration of two assets: funds on deposit in Duffy's account at the Wells Fargo Bank, and an account receivable of Duffy (payable by Atari, Inc.). The attachment was released when Duffy presented an undertaking pursuant to Code of Civil Procedure section 489.310[1] in the amount of $10,200.
*852 Duffy answered, admitting liability in the amount of $5,903.89. The parties, on December 12, 1977, stipulated for judgment in the amount of $7,000 on the condition that execution be stayed pending payment of the judgment in installments: $2,500 by December 22, 1977, and $1,000 monthly beginning February 1, 1978, and continuing until the balance was paid.
On May 23, 1978, V.I.P. moved for judgment in the amount of $4,500 against Highlands Insurance Company of Houston, Texas. (See Code Civ. Proc., § 1058a.) The motion was supported by a declaration relating the circumstances leading up to the judgment and stating that payments on the judgment had lapsed, leaving an unpaid amount of $4,500. Highlands opposed the motion with a declaration showing that it had received no notice of the stipulated judgment until March 16, 1978, when Highlands was notified that a judgment had been rendered and that a payment schedule had not been met.
Appellant points out that the continuing obligation of a surety is governed by statute. Civil Code section 2819 provides: "A surety is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without consent of the surety the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, [are] in any way impaired or suspended." (1) Here, the obligation of Duffy Electronics as principal was modified in two ways by the stipulated judgment. The amount of the obligation was reduced from $10,200 to $7,000, and enforcement of the judgment was deferred according to an agreed schedule. The first modification, a reduction in the amount of the debt, reduced the surety's exposure but was not an alteration of the obligation. Therefore, no exoneration resulted from it. But the second, *853 transforming an immediate obligation to pay into an obligation that was enforceable only according to a schedule of deferred payments, was a substantial alteration of "the original obligation of the principal." It also altered "the remedies or rights of the creditor against the principal...." Appellant did not consent to the alteration; therefore appellant's obligation as surety was exonerated. (See Montgomery v. Ottoman (1928) 88 Cal. App. 755 [264 P. 283].)
Respondent attempts to distinguish Montgomery v. Ottoman on the basis that there the time for payment of the obligation of the principal was extended before the cause was tried, while in the present case the extension was specified in the stipulated judgment itself. Respondent points to no significance which this difference could have. In the present case, as in Montgomery, there was a material change in the legal effect of the contract (cf. Verdugo Highlands, Inc. v. Security Ins. Co. (1966) 240 Cal. App.2d 527 [49 Cal. Rptr. 736]). The extension of time for payment postponed and perhaps depreciated the value of the surety's remedy of seeking recovery out of the assets of the principal upon being required to satisfy the debt. It was error to reject the claim of appellant that the attachment bond had been exonerated.
The judgment against the surety is reversed with directions to render a new judgment exonerating the surety.
Caldecott, P.J., and Poche, J., concurred.
NOTES
[1] Code of Civil Procedure section 489.310:

"(a) Whenever a writ is issued, a defendant who has appeared in the action may apply by noticed motion to the court in which the action is pending for an order permitting the defendant to substitute an undertaking for any of his property in the state which has been or is subject to being attached.
"(b) In a case (1) where the defendant applies for an order to release a portion of property which has been attached or (2) where the defendant applies for an order preventing the attachment of property and the amount of the undertaking to be given is less than the amount to be secured by the attachment, the application shall include a statement, executed under oath, describing the property to be so released or so protected from attachment.
"(c) The defendant shall file an undertaking to pay the plaintiff the value of the property released not exceeding the amount of any judgment which may be recovered by the plaintiff in the action against the defendant. The amount of the undertaking filed pursuant to this section shall be equal to the lesser of (1) the value of the property attached or prevented from being attached or (2) the amount specified by the writ to be secured by the attachment. The court shall issue such order upon the condition that a sufficient undertaking be filed.
"(d) Where an action is against more than one defendant, any defendant may make such application. The filing of an undertaking by such defendant shall not subject him to any demand against any other defendant; however, the levying officer shall not be prevented thereby from attaching, or be obliged to release from attachment, any property of any other defendant. Where all the defendants do not join in the application, the application shall include a statement, executed under oath, describing the character of the defendant's title to the property and the manner in which the defendant acquired such title and stating whether any other defendant who has not joined in the application has an interest in the property. Where two or more defendants have an interest in the same property, a joint application and undertaking shall be filed to secure the release of such property."