

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASCENDIANT CAPITAL GROUP, | No. 09-56156 |
| Plaintiff - Appellant, | D.C. No. 8:07-cv-01286-JVS-AN |
| v. | |
| TODD L. SMITH, an individual Erroneously Sued As Todd R. Smith; SUMMIT CAPITAL & DEVELOPMENT, Erroneously Sued As Summit Capital and Development LLC, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| SUMMIT CAPITAL & DEVELOPMENT, Erroneously Sued As Summit Capital and Development LLC, | |
| Counter-Claimant, | |
| v. | |
| ASCENDIANT CAPITAL GROUP, | |
| Counter-Defendant, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

TODO L. SMITH, an individual
Erroneously Sued As Todd R. Smith;
SUMMIT CAPITAL &
DEVELOPMENT, Erroneously Sued As
Summit Capital and Development LLC,

        Third-Party-Plaintiffs,

  v.

EDWARD P. OWENS,

        Third-party-Defendant.

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 2, 2010
Pasadena, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and JARVEY, District Judge.[**]

This is an action filed by a lender against both the principal and guarantor of

a promissory note. Plaintiff-Appellee is Ascendiant Capital Group, LLC

("Plaintiff"), the lender, and defendants-appellants are Summit Capital &

Development, LLC, the principal, and Todd L. Smith, the guarantor

("Defendants"). The jury returned a verdict in favor of the plaintiff and the district

---

[**] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

court entered a judgment of joint and several liability against the defendants. Under California law, the liability on a promissory note of this nature is joint and several on the part of the principal and the guarantor; the plaintiff is not entitled to a double recovery. *Impac Imported Parts & Accessories Corp. v. Rattray*, 95 Cal. App. 3d 792, 796 (1979) (citing Cal. Civ. Code § 2807).

The instructions to the jury were not controverted, and the jury was asked on the verdict form to state the damages assessed against each defendant. The jury did so by indicating the amount of "$357,500" in the blank after the name of each defendant.

In this appeal, Ascendiant contends that the district court erred in entering a judgment of joint and several liability in the amount of $357,500 against each defendant. It argues that the judgment should have reflected that each defendant was separately liable for the entire amount of damages awarded against it. This would mean that a judgment of total damages should have been entered in the amount of $715,000. Yet the plaintiff does not cite to any evidence in the record that indicates it was entitled to such a judgment or that the plaintiff ever argued to the jury or district court it was entitled to damages of $715,000. Dividing total liability between the principal debtor and guarantor is not authorized by the instructions. Given the clear California law on joint and several liability, there is

3

no basis for holding that the jury intended a total recovery of more than $357,500. The judgment of joint and several liability in the amount assessed by the jury against each defendant, taken in conjunction with the counterclaim award against Summit in the amount of $143,000, roughly totals to the principal amount of the loan, $500,000, and is thus consistent with California law and with the record before us.

The judgment of the district court is **AFFIRMED**.